UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TOMMY MARSHALL,<br>    Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 20 -CV-4004 |
| GREGG SCOTT, et. al.,<br>    Defendants. | ) ) ) | |

CASE MANAGEMENT ORDER

This cause is before the Court for consideration of Plaintiffs' complaint, motion for leave to proceed *in forma pauperis* (IFP), and motion for emergency injunctive relief. [1, 3, 5]. The *pro se* Plaintiff is civilly detained in the Rushville Treatment and Detention Center. Before considering Plaintiff's motion for injunctive relief, the Court must first review Plaintiff's allegations and IFP motion.

I. COMPLAINT AND MOTION TO PROCEED IFP

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges his constitutional rights were violated by Program Director Gregg Scott, Security Director James McCurry, Clinical Director S. Jumper, Team Leader G. Carreon, Security Staff Member C. Parsons, Investigator Jeremie Seymour, Behavior Committee Members, and an unknown "Blue Team" Therapist. (Comp., p. 1).

On September 10, 2019, Plaintiff was moved to Security Management Status after he was accused of assaulting a staff member. Plaintiff says Security Management Status requires "solitary confinement" for 23 hours each day. (Comp., p. 4). On September 13, 2019, Defendant Investigator Seymour told Plaintiff he was referring his report to the local States Attorney's Office for consideration of criminal charges.

A few days later, Behavior Committee Members Jumper, Carreon, and Parsons found Plaintiff had violated the institutional rule of "Battery to any Person." (Comp, p. 4). Plaintiff does not state what specific discipline he received for the rule violation. However, Plaintiff claims the Behavior Committee along with Defendants Scott, McCurry, Seymour, and the Blue Team Therapist decided Plaintiff would remain on Secure Management Status pending resolution of potential criminal charges.

Plaintiff says four months later he is still in solitary confinement and no criminal charges have been filed. Plaintiff says he has complied with all rules during this time

2

and he has repeatedly requested his return to general population. Nonetheless, Plaintiff remains on Secure Management Status based on the possibility of criminal charges at some unspecified time. Plaintiff says Defendants have violated his Fourteenth Amendment rights because he has been denied "a realistic chance" to be released back to general population. (Comp., p. 5).

The Court notes civil detainees such as the Plaintiff may be punished for violating institutional rules as long as they are given notice and an opportunity for a hearing. *West v. Schwebke*, 333 F.3d 745, 748 (7th Cir. 2003). Plaintiff admits the Behavior Committee found him guilty of battery and he does not allege his initial due process rights were violated. However, Plaintiff appears to claim he has remained in segregated confinement for months only because the Defendants think there is a possibility of criminal charges at some unspecified time. If Defendants can demonstrate their "use of seclusion was justified on security grounds," then Plaintiff's claim will fail. *Id.* Nonetheless, for the purpose of notice pleadings, Plaintiff has alleged a due process violation.

Plaintiff has also made a general allegation that all named Defendants were involved in continuing his Secure Management Status. However, Plaintiff must be able to demonstrate each was personally involved in the decision and must identify any Jane or John Doe Defendant during discovery.

## II. MOTION FOR EMERGENCY INJUNCTIVE RELIEF

Plaintiff has also filed a Motion for a Temporary Restraining Order (TRO) and Preliminary Injunction. [5]. A TRO can be issued without notice to the party to be

enjoined, but it may last no more than fourteen days. Fed. R. Civ. P. 65(b)(2). A court may only grant the motion if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). This relief is warranted "to prevent a substantial risk of injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). A TRO is an "emergency remedy" designed to "maintain the status quo until a hearing can be held on an application for a preliminary injunction." *Crue v. Aiken,* 137 F.Supp.2d 1076, 1082 (C.D.Ill. April 6, 2001).

On the other hand, a preliminary injunction can be issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* Fed. R. Civ. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Plaintiff again states he has remained in Secure Management Status for four months despite his compliance with facility rules. Plaintiff again states Defendants have continued his segregated confinement only because he might face criminal

4

charges. Plaintiff argues his conduct demonstrates he is no longer a threat to others in the facility, and he should return to general population.

Plaintiff has filed a lawsuit to address his claims and therefore Plaintiff has an adequate remedy at law. Plaintiff has not provided specific facts to demonstrate the need for emergency injunctive relief to prevent an immediate or irreparable injury. In addition, Plaintiff has not demonstrated a likelihood of success on the merits based on his allegations. Plaintiff's motion for a TRO and preliminary injunction are denied.

IT IS THEREFORE ORDERED:

1. Plaintiff's petition to proceed in forma pauperis is granted. [3]. Pursuant to a review of the Complaint, the Court finds that Plaintiff alleges the Defendants violated his due process rights when he was forced to remain in segregated confinement for four months based only on the possibility of criminal charges. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

11. **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

12. **Plaintiff's motion for a Temporary Restraining Order and Preliminary Injunction is denied. [5].**

ENTERED this 21st day of January, 2020.

s/James E. Shadid

---
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE